UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lynn Rita Davis Coleman,<br><br>      Plaintiff,<br><br>v.<br><br>Mpls. Public School SSD #1 and Catalina Salas,<br><br>      Defendants. | Case No. 15-cv-4419 (WMW/HB)<br><br>**REPORT AND RECOMMENDATION** |

Lynn Rita Davis Coleman, 4100 Columbus Avenue South, Minneapolis, MN 55407, pro se

Christian R. Shafer, Ratwik, Roszak & Maloney, PA, 730 2nd Avenue South, Suite 300, Minneapolis, MN 55402, for Defendants

HILDY BOWBEER, United States Magistrate Judge

  This matter is before the Court on Defendants' Motion to Dismiss [Doc. No. 13]. The motion was referred to the undersigned by the Honorable Wilhelmina M. Wright, United States District Judge, in an Order of Referral dated May 10, 2016. (Order at 1 [Doc. No. 31].) For the reasons set forth below, the Court recommends that the motion be granted in part and denied in part.

**I. Factual Allegations in the Complaint**

  Plaintiff Lynn Rita Davis Coleman initiated this action by filing a Complaint on December 18, 2015 [Doc. No. 1]. The Complaint consists of five pages of a form completed by Coleman and eight pages of other documents inserted in the middle of the

form. The Court considers all thirteen pages as the Complaint. *See Dasta v. LeBlanc*, 132 F. App'x 98, 100 (8th Cir. 2005) (taking exhibits into consideration when determining whether the plaintiff stated a claim); *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (construing liberally a pro se complaint); *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986) (stating "materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint").

In general, Coleman alleges she experienced race and age discrimination while employed at Richard Green School. (Compl. at 3.) She alleges the following facts in support of her claims.

Several members of The Minnesota Alliance of Black School Educators ("MABSE") scheduled a meeting on December 14, 2012, with Defendant Catalina Salas, the principal of Richard Green School, to discuss the mistreatment of and discrimination against black students. (*Id.* at 3, 5.) Salas did not show for the meeting, so Coleman called Area Superintendent Teresa Battle's office, and Battle attended instead. (*Id.* at 3, 5.) Coleman also informed a teacher and a union steward that MABSE was there and wanted to meet with them. (*Id.* at 5.)

Not long after the meeting, Salas called Coleman into her office and asked if she had told a parent to report some concerns to the district office. (*Id.* at 5.) Coleman confirmed she had. (*Id.*) On January 22, 2013, Coleman received a notice from a human resources representative directing her to attend a meeting to address a "[f]ailure to follow protocol." (*Id.*) At that meeting, human resources representative Candra Bennett told Coleman that due to her failure to "follow protocol," some information had been released

2

about the school and published in a newspaper article. (*Id.*) Bennett reminded Coleman that visitors to the school must check in at the office, but assured Coleman that she "would probably just get a written letter which will be removed in a year." (*Id.*) That same day, a parent bypassed the school office, but Salas did not require the parent to check in. (*Id.*)

As a result of the above events, Coleman was suspended for three days (later reduced to one day) and was denied access to Salas's calendar for "altering schedule." (*Id.* at 3, 5, 6.) Coleman was also consistently excluded from the activities office, treated with hostility, and overloaded with work in retaliation for her actions. (*Id.* at 3, 7, 9-12.) Salas, specifically, made disrespectful comments and dismissive hand gestures to Coleman. (*Id.* at 8.) In addition, Coleman was not allowed to sell items in the staff lounge, though other staff members were allowed to do so. (*Id.* at 9.) Finally, several staff members made disparaging remarks about black students. (*Id.* at 12.)

In March 2013, Salas called Coleman into her office and asked her to sign a document advising Coleman that she would not have a job the next school year and would be replaced by a Spanish-speaking associate educator. (*Id.* at 7.) Coleman refused to sign the document. (*Id.*)

## II. Coleman's Claims and Request for Relief

Other than a request for reimbursement under the Family and Medical Leave Act ("FMLA"), Coleman does not identify in the Complaint any statutes or legal authority under which she brings suit. At the hearing on the motion to dismiss, Coleman explained that the legal bases of her claims are consistent with the March 2015 charge of

3

discrimination filed with the Equal Employment Opportunity Commission ("EEOC") and cross-filed with the Minnesota Department of Human Rights ("MDHR") ("March 2015 charge")[1]; and the September 2015 right-to-sue notice issued by the EEOC ("September 2015 right-to-sue notice"). Both of these documents were filed by Defendants as exhibits in support of their motion to dismiss. (Shafer Aff. Ex. 4 (March 2015 charge), Ex. 6 (September 2015 right-to-sue notice) [Doc. No. 15-1].) The Court will consider the March 2015 charge and the September 2015 right-to-sue notice in determining the legal bases of Coleman's claims, because it would be unjust to dismiss her claims on the ground that she did not identify the legal bases for the claims in the Complaint without considering the materials filed with the Court to which she referred as providing such bases. *See Dasta*, 132 F. App'x at 100 (expressing concern that district court did not consider the exhibits a pro se party offered with objections to a report and recommendation, because "[w]hether the exhibits were in fact a part of the original complaint, or instead constituted a motion for leave to amend, they explained the basis for Dasta's claims against certain defendants").

The March 2015 charge alleges that between August 24, 2012, and February 24, 2015, Coleman experienced discrimination and retaliation based on her race, national origin, and age, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). (Shafer Aff. Ex. 4.) Specifically, Coleman alleges she was treated differently and received less preferable

---

[1] The March 2015 charge amended a charge previously filed on February 23, 2013. (Shafer Ex. 4.)

work assignments than Hispanic employees because of her race, national origin, age, and inability to speak Spanish.  (*Id.*)  She also claims she received a three-day unpaid suspension in retaliation for filing an internal complaint of discrimination against Salas, was disciplined for not following security protocol and not properly transferring a phone call by a parent with a complaint, was excluded from meetings, and was subjected to hostility by Hispanic coworkers.  (*Id.*)  Finally, Coleman contends an interim principal harassed her by sending an email instructing her to follow her schedule and copying the area superintendent on the email, acting indifferent toward her, and making her feel singled out.  (*Id.*)  The September 2015 right-to-sue notice referenced both Title VII and the ADEA as potential bases for her claims.  (Shafer Aff. Ex. 6.)

Based on Coleman's statement to the Court at the motion hearing and the information provided in the March 2015 charge and September 2015 right-to-sue notice, the Court construes Coleman's claims in this action as claims for discrimination and retaliation under Title VII, the ADEA, and the Minnesota Human Rights Act ("MHRA").[2]

As relief for the alleged statutory violations, Coleman asks for reimbursement of time taken under FMLA, reimbursement for vacation time used, punitive damages, and $50,000 in damages for retiring early.  (*Id.* at 4.)

---

[2] If any of Coleman's claims survive, the Court recommends either (1) allowing Coleman to file an amended complaint that includes the information contained in the initial Complaint, as well as information and legal authority contained in the March 2015 charge and September 2015 right-to-sue notice; or (2) instructing the Office of the Clerk of Court to attach the March 2015 charge and September 2015 right-to-sue notice to the original Complaint.

**III.     Defendants' Motion to Dismiss and Coleman's Opposition**

Defendants argue that Coleman's Title VII and ADEA claims should be dismissed because she failed to exhaust administrative remedies, and her MHRA claims should be dismissed because they are untimely.  With particular respect to Salas, Defendants argue that all claims against her must be dismissed because she is not subject to individual liability under the relevant statutes.  Defendants filed several exhibits in support of their motion, mostly related to their exhaustion argument.

In response to Defendants' motion, Coleman opposes dismissal and seeks leave to amend the Complaint to name Salas in her official capacity and "provide the Court with information to support as well as validate her claims." (Pl.'s Mem. Opp'n Mot. Dismiss at 2 [Doc. No. 32].)  When asked at the motion hearing about the nature of the proposed amendments, Coleman reiterated she would add more allegations to support her claims against Salas.

**IV.     Applicable Legal Standards**

Defendants move to dismiss Coleman's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  A court may dismiss a claim under Rule 12(b)(6) when a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* The court must accept all alleged facts as true and afford the plaintiff all reasonable inferences arising from the allegations. *Butler v. Bank of Am., N.A.*, 690 F.3d 959, 961 (8th Cir. 2012).

The plaintiff must plead facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Labels, bare conclusions, and formulaic recitations of the elements are not enough. *Id.* To satisfy Federal Rule of Civil Procedure 8(a)(2)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief," a plaintiff must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A court must construe liberally pro se complaints. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Generally, a court may not consider matters outside the pleadings in assessing the sufficiency of a complaint. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (citations omitted). A court may make an exception to this rule, however, for matters of public record, exhibits attached to the complaint, and other materials "necessarily embraced by the pleadings." *See id.* (citations omitted).

Both Coleman and Defendants submit and rely on numerous materials outside the pleadings. Many of these materials do not fall within the *Porous Media* exception. At Defendants' suggestion, the Court considered converting the motion to dismiss into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d), which provides:

> Result of Presenting Matters Outside the Pleadings. If, on a motion

7

> under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d). The Court declines to convert the motion for three reasons: (1) Defendants have not moved to dismiss several of Coleman's claims on the merits; (2) the materials submitted do not include all of the facts necessary to resolve Coleman's claims on the merits; and (3) appropriate notice has not been given to Coleman. Accordingly, the Court will not treat Defendants' motion to dismiss as one for summary judgment. To the extent the Court does consider matters outside the pleadings, the Court will identify the document and explain why an exception to the general rule applies.

## V. Discussion

### A. Title VII and ADEA Claims

Title VII and the ADEA establish an administrative procedure that an individual must follow before bringing suit against an employer in federal court. *See Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994) (Title VII); *McKenzie v. Lunds, Inc.*, 63 F. Supp. 2d 986, 996-97 (D. Minn. 1999) (ADEA). A plaintiff who files a charge of race or age discrimination with the EEOC and receives a right-to-sue notice "has 90 days from the receipt of the letter to commence a suit to redress the actions complained of in his [c]harge of discrimination." *McKenzie*, 63 F. Supp. 2d at 998 (citing 29 U.S.C. § 626(e)) (ADEA); *see Williams*, 21 F.3d at 222 (citing 42 U.S.C. § 2000e-5(f)(1)) (Title VII). The scope of the subsequent civil action may encompass

"any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." *Nichols v. Am. Nat'l Ins. Co.*, 154 F.3d 875, 886 (8th Cir. 1998).

Defendants' sole argument for dismissal of Coleman's Title VII and ADEA claims is that the claims are not exhausted. Defendants contend these claims are the subject of a pending charge Coleman filed with the MDHR on December 29, 2015 ("December 2015 charge"), which was cross-filed with the EEOC on January 6, 2016, and as to which no right-to-sue letter has yet been issued. (Shafer Aff. ¶ 3 & Ex. 9.) Defendants rely on matters outside the pleadings in support of their argument, including the March 2015 charge and the December 2015 charge. The Court may consider EEOC charges as matters of public record in deciding a motion to dismiss. *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 802-03 (8th Cir. 2002) ("[W]e conclude that an EEOC charge is part of the public record, and thus the motion to dismiss was not converted to one for summary judgment by the attachment of a copy of the EEOC charge.").

Defendants read the December 2015 charge incorrectly. The December 2015 charge alleges a claim for reprisal discrimination and is based on events and allegations that occurred in April and June 2015, *after* Coleman filed her March 2015 charge. (Shafer Ex. 9.) Specifically, Coleman contends in the December 2015 charge that the District offered her a different job in April 2015, which she accepted, but that she was given no support or assistance in transitioning to the new position. (*Id.*) Coleman describes her work environment as hostile and says she was overworked, which caused her to retire early in June 2015. (*Id.*)

9

The March 2015 charge, by contrast, alleges discrimination and retaliation based on race, national origin, and age in violation of Title VII and the ADEA.  Specifically, Coleman alleges that between August 24, 2012 and February 24, 2015, she was treated differently and received less preferable work assignments than Hispanic employees, was suspended in retaliation for filing an internal complaint of discrimination against Salas, was disciplined for not following security and telephone protocols, was excluded from meetings, was subjected to hostility, and was harassed by an interim principal.  (*See* Shafer Ex. 4.)  Coleman received a right-to-sue notice related to the claims and allegations made in the March 2015 charge, and she is entitled to bring suit to redress the actions described in that charge.  Although some of the allegations in the March 2015 charge were repeated as background information in the December 2015 charge, Coleman did not describe the same discriminatory acts.

If Coleman had asserted in this action a claim for reprisal based on the District's actions in March, April, and June 2015, then Defendants would be correct: Coleman has not satisfied the statutory prerequisites to bring suit.  But Coleman has not brought such a claim.  The claims asserted in this litigation are based on the actions described in the March 2015 charge and the September 2015 right-to-sue notice.  Consequently, Defendants' motion to dismiss Coleman's Title VII and ADEA claims should be denied.

**B.     MHRA Claim**

Defendants move to dismiss as untimely Coleman's MHRA claim arising from the March 2015 charge and September 2015 right-to-sue notice.  The MHRA requires a plaintiff to "bring suit within 45 days of notice of dismissal of the Charge by the

MDHR." *McKenzie*, 63 F. Supp. 2d at 1002 (citations omitted); Minn. Stat. § 363A.33, subd. 1.  A MHRA claim is deemed "brought" only after the complaint has been filed *and* served.  *Chappell v. Butterfield-Odin Sch. Dist. No. 836*, 673 F. Supp. 2d 818, 833 (D. Minn. 2009).

Defendants rely on an October 21, 2015, disposition letter from the MHRA to establish the date Coleman received notice of the dismissal of the charge.  (Shafer Ex. 7.)  The Court may consider the letter in deciding Defendants' motion to dismiss because it is a matter of public record.  *See Cotton v. St. Louis Pub. Sch.*, No. 4:12-cv-1735 (JAR), 2013 WL 308876, at *4 (E.D. Mo. Jan. 25, 2013) (finding a Missouri Commission on Human Rights right-to-sue notice a matter of public record appropriate to consider on a motion to dismiss); *Rodgers v. Data Transmission Network*, No. 8:10-cv-46, 2011 WL 1134670, at *4 n.3 (D. Neb. Mar. 25, 2011) (finding an EEOC right-to-sue notice a matter of public record appropriate to consider on a motion to dismiss).

Coleman served Defendants with the Complaint on February 9, 2016 [Doc. No. 8].  Coleman does not argue that she did not timely receive the MDHR's letter.  Even assuming that Coleman did not receive the letter until a week after it was mailed, the time for her to file and serve the Complaint expired on December 14, 2015 (seven days plus forty-five days, counting from October 21, 2015).  Thus, the MHRA claim is time-barred and should be dismissed with prejudice.

### C.     Claims Against Salas

Title VII, the ADEA, and the MHRA apply only to the conduct of employers, not the conduct of individuals.  *Onyiah v. St. Cloud State Univ.*, 655 F. Supp. 2d 948, 962 (D.

Minn. 2009) (Title VII and ADEA); *Arens v. O'Reilly Auto., Inc.*, 874 F. Supp. 2d 805, 807-08 (D. Minn. 2012) (MHRA). Thus, Coleman cannot state a viable claim against Salas under these statutes. Coleman has identified no other legal basis for any claims against Salas, and thus all claims against Salas should be dismissed with prejudice.

Coleman's request to amend her Complaint to add allegations against Salas should be denied as futile. Without a valid claim or a proposed viable claim, the amendments could not withstand a Rule 12(b)(6) motion to dismiss. *See Lunsford v. RBC Dain Rauscher, Inc.*, 590 F. Supp. 2d 1153, 1158 (D. Minn. 2008) (denying leave "to amend as futile is appropriate if the proposed amended complaint cannot survive a motion to dismiss for failure to state a claim"). Similarly, any request to sue Salas in her "official capacity" should be denied as futile, because a Title VII, ADEA, or MHRA claim against Salas in her official capacity would be duplicative of such a claim against the District. *See Larson v. Wells Fargo Bank, N.A.*, No. 13-cv-2117 (ADM/JJK), 2014 WL 300933, at *2 (D. Minn. Jan. 27, 2014) (citing *Rasmussen v. Two Harbors Fish Co.*, 832 N.W.2d 790 (Minn. 2013)) (MHRA); *Marlow v. Chesterfield Cty. Sch. Bd.*, No. 3:10-cv-018, 2010 WL 2757343, at *5 (E.D. Va. July 13, 2010) (ADEA); *Coller v. Mo. Dep't of Econ. Dev.*, 965 F. Supp. 1270, 1275 (W.D. Mo. 1997) (Title VII).

### D. Potential Title VI Claim

At the hearing on the motion to dismiss, Coleman provided the Court with a letter from the United States Department of Education, Office for Civil Rights ("OCR"), dated May 24, 2016, regarding a charge Coleman filed on February 11, 2013, pursuant to Title VI of the Civil Rights Act of 1964 ("Title VI"). Defendants did not address any potential

Title VI claim in their motion to dismiss but represented at the hearing that the OCR's investigation was ongoing. Based on the record before the Court, it would premature to speculate about the validity of this claim and whether it could survive a motion to dismiss. The Court is not even certain that Coleman intended to bring a Title VI claim in this action. If Coleman wants to bring a claim pursuant to Title VI, she must file a motion for leave to amend the Complaint.

## IV.  Recommendation

Based on the foregoing and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' Motion to Dismiss [Doc. No. 13] be **GRANTED** as to Plaintiff Lynn Rita Davis Coleman's MHRA claim and all claims against Defendant Catalina Salas; and **DENIED** as to Coleman's Title VII and ADEA claims against Defendant Mpls. Public School SSD #1;

2. Coleman's request to amend her Complaint to add allegations against Defendant Catalina Salas be **DENIED**;

3. With respect to the Title VII and ADEA claims,

    a. Coleman be allowed to file an amended complaint that includes the information contained in the initial Complaint, as well as information in the March 2015 charge and September 2015 right-to-sue notice; or

      b.  The Office of the Clerk of Court be directed to attach the March 2015 charge and September 2015 right-to-sue notice to the original Complaint.

Dated: July 20, 2016                    *s/Hildy Bowbeer*
                                            HILDY BOWBEER
                                            United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.